IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL JOHNS and CHARLES E. JOHNS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:24-CV-247-Z-BR |
| UNITED STATES OF AMERICA and the UNITED STATES POSTAL SERVICE, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS WITH PREJUDICE FOR FAILURE TO PROSECUTE,
COMPLY WITH COURT ORDERS, AND EFFECT SERVICE**

On June 5, 2025, the undersigned issued a Notice of Intent to Recommend Dismissal, informing Plaintiffs that on today's date, the undersigned would recommend dismissal of this case with prejudice for failure to prosecute or comply with Court orders and failure to effect service. (ECF 17). Since issuance of that Notice, Plaintiffs have taken no action in this case and have not communicated with the Court in any way.

Accordingly, and for the following reasons, it is the RECOMMENDATION of the undersigned United States Magistrate Judge to the presiding United States District Judge that this case be DISMISSED with prejudice[1] for failure to prosecute or comply with Orders of the Court and for failure to effect service.

---

[1] Plaintiffs have asserted negligence claims based on an automotive collision that occurred June 7, 2023. (ECF 1 at 3–5). The statute of limitations for such claims is two years. 28 U.S.C. § 2401(b); *see* 39 U.S.C. § 409(b) (applying the Federal Tort Claims Act statute of limitations to suits against the United States Postal Service). Thus, any dismissal of this action will necessarily be a dismissal of Plaintiffs' claims with prejudice.

## I.     <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure allow a court to order the involuntary dismissal of a plaintiff's action "if the plaintiff fails to prosecute or to comply with…a court order." FED. R. CIV. P. 41(b). That rule explicitly provides for dismissal in response to a motion, but has been interpreted as also allowing dismissal on a court's discretionary initiative. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal…on the court's own motion."). Dismissal, especially with prejudice, is an extreme measure that must be strictly justified. *Campbell*, 988 F.3d at 801.

The Fifth Circuit Court of Appeals has established a framework to determine when dismissal with prejudice is justified. First, there must be a clear record of either egregious delay or contumacious conduct. *Id*. at 802 (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Second, the court must expressly determine that lesser measures "would not prompt diligent prosecution," or else must have attempted lesser measures without success. *Campbell*, 988 F.3d at 802. Even when both requirements are satisfied, the Fifth Circuit generally requires the presence of one or more aggravating factors in the case; the standard examples are "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

Separately, the Federal Rules of Civil Procedure require a court to dismiss lawsuits without prejudice if a defendant has not been served within ninety days after the complaint is filed. FED. R. CIV. P. 4(m). If such dismissal is *sua sponte*, the court must give prior notice to the plaintiff. *Id.* If the plaintiff shows good cause for the failure to effect service, the court must grant an appropriate extension. *Id.* Further, if the unserved defendant is a United States agency or corporation, and the plaintiff has served the United States attorney or the Attorney General of the United States, the

Court must grant a reasonable extension for the plaintiff to perfect service. FED. R. CIV. P. 4(i)(4)(A). Though the rule calls for dismissal without prejudice, any dismissal that will result in claims being barred by limitations must satisfy the stricter standard for dismissal with prejudice. *E.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

## II.     PROCEDURAL HISTORY

When Plaintiffs initiated this case on November 18, 2024 through their lead attorney, Mr. Greg Glenn Chandler of the firm Raul B. Rodriguez Law, P.C., Chandler was not admitted to practice in the Northern District of Texas. (*See* ECF 1 at 6). The lead attorney at Chandler's firm, Raul B. Rodriguez, also signed Plaintiffs' complaint, and was also not admitted to practice in this district. (*See id.*). Due to a technical error, Rodriguez was not added to the docket in the Court's electronic case filing ("ECF") system at the time the case was filed. (*See* ECF 14 at 1, n.1).

Chandler applied for admission *pro hac vice* ("PHV") three days after filing Plaintiffs' Complaint, listing himself on the application as "local counsel." (ECF 4 at 3). The Court issued an Order November 25, 2024, clarifying for Chandler that local Civil Rule 83.10 required him to retain as local counsel an attorney residing within 50 miles of the courthouse in Amarillo, Texas, and deferring ruling on the application for fourteen days to allow Plaintiffs time to retain local counsel. (ECF 5); *see* N.D. TEX. CIV. R. 83.10(a). On subsequent motion by Plaintiffs, the Court extended that deadline to December 23, 2024. (ECF 10).

On December 30, 2024, Plaintiffs still had not obtained local counsel, and the Court denied Chandler's PHV application. (ECF 11). On February 20, 2025, Plaintiffs had made no further efforts to prosecute this case, so the undersigned issued an Order to gain Admission or Move to Withdraw. (ECF 12). That Order set a deadline of March 13, 2025; nothing was filed in response. On March 24, the undersigned issued a Second Order to Gain Admission or Move to Withdraw.

(ECF 13). That Order set a deadline of April 23, 2025 and included a warning: "**Plaintiffs are advised that repeated failure to comply with the Orders of the Court may result in the undersigned recommending to the District Judge that this action be dismissed without prejudice.**" (*Id.* at 2) (emphasis in original).

When this deadline, like the previous ones, passed without any activity from the Plaintiffs, the undersigned's chambers reached out to Plaintiffs' firm directly. (*See* ECF 14 at 2). Administrative staff at the firm informed the Court that Chandler was no longer employed there, that the firm was unaware this litigation was still pending, and that they intended to file something to address the situation.[2] No such filing was ever made.

Accordingly, on May 15, 2025, the undersigned entered a Final Order to Gain Admission or Move to Withdraw. (ECF 14). That Order noted some of the history recounted above, and further noted that more than ninety days had elapsed since the filing of Plaintiffs' Complaint. (*Id.* at 1–2). The Court set a deadline of May 30, 2025 for Plaintiffs' counsel to obtain local counsel, and to either provide documentation of admission to practice before the Court or move for withdrawal and substitution of counsel. (*Id.* at 2–3). The Order included a final warning that, "**Failure to comply with this Order will result in a recommendation that this case be dismissed.**" (*Id.* at 3).

The only response to that Order was a PHV application filed by Rodriguez the day before the deadline and listing himself as local counsel. (ECF 15). That application was denied the following day. (ECF 16). As such, the undersigned on June 5, 2025 notified Plaintiffs that a recommendation of dismissal with prejudice was forthcoming, even specifying the day on which such recommendation would issue. (ECF 17). Plaintiffs have not responded.

---

[2] These telephone conversations between chambers and the law firm occurred on April 28 and 29, 2025.

In short, this case has now been open with the Court for more than six months; at no point has counsel for Plaintiffs been admitted to practice in this Court, and at no point have they complied with the local counsel requirements imposed by the local Civil Rules. Further, there has been no indication of service on either Defendant in those six months.

### III.     ANALYSIS

The Court first informed Plaintiffs, their attorneys, and the firm of Raul B. Rodriguez Law, P.C. of the Northern District of Texas local counsel requirement one week after this case was filed—on November 25, 2024. (ECF 5). In the almost seven months since that date, Plaintiffs have never been represented by an attorney admitted to appear before the Court. Plaintiffs' attorneys have repeatedly failed to comply with numerous Court orders and the Court's local rules, resulting in a severe waste of judicial time and resources.

Moreover, there is no indication that Plaintiffs have made any efforts at service upon Defendants. The Court highlighted this issue for Plaintiffs, but has not received proof that service was effected, a request to extend the service deadline, or any other indication that service has been or will be attempted. (*See* ECF 14 at 2).

The Court has repeatedly warned that Plaintiffs case could be dismissed if Plaintiffs' attorneys did not comply with this Court's orders and applicable rules. (ECF 13 at 2, ECF 14 at 3, *and* ECF 17 at 2). Plaintiffs' failure to serve Defendants is a violation of the Federal Rules of Civil Procedure. FED. R. CIV. P. 4(m). Plaintiffs' failure to obtain local counsel is a violation of the local Civil Rules of this Court, and of multiple Court orders entered in this case. N.D. TEX. CIV. R. 83.10; (ECF 5, 10, 12, 13, *and* 14). To make matters worse, because Plaintiffs' attorneys have neither complied with local counsel requirements, which is a prerequisite to PHV admission, nor

obtained general admission to practice in the Northern District of Texas, Plaintiffs have not at any point in the life of this case been represented by counsel with authority to appear before this Court.

The record of egregious delay in this case is clear. It is also clear that the lessor sanctions attempted by the Court have been wholly unsuccessful in prompting compliance with Court orders and the diligent prosecution of this lawsuit. And the months of complete inactivity in this case result in a real prejudice to Defendants, which have not yet even been served. For these reasons, dismissal of Plaintiffs' case with prejudice is justified. *See Campbell*, 988 F.3d at 801; *accord Thrasher*, 709 F.3d at 512–13.

### IV. CONCLUSIONS AND RECOMMENDATION

Thus, it is the RECOMMENDATION of the undersigned United States Magistrate Judge to the presiding United States District Judge that Plaintiffs' claims in this case be DISMISSED with prejudice for failure to prosecute or to comply with a court order and for failure to effect service pursuant to Federal Rules of Civil Procedure 41(b) and 4(m).

IT IS SO RECOMMENDED.

ENTERED June 23, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE**

The United States District Clerk is directed to send a copy of these findings, conclusions and recommendations to each party by the most efficient means available.

**NOTICE OF RIGHT TO OBJECT**

Any party may object to these findings, conclusions and recommendations. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendations." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).